FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP



**MEMO ENDORSED**

Direct Line: +1.212.859.8914
Email: michael.keats@friedfrank.com
March 4, 2024

Via ECF

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

      Re:    *Boothbay Absolute Return Strategies, LP v. Belgische Scheepvaartmaatschappij-Compagnie Maritime Belge SA*, Case No. 1:24- cv-01445-JGLC

Dear Judge Clarke:

We write on behalf of Defendant Belgische Scheepvaartmaatschappij-Compagnie Maritime Belge NV ("CMB") to notify the Court that (i) CMB and Euronav NV ("Euronav") filed supplemental disclosures with the SEC on Friday, March 1, 2024 thereby mooting Plaintiffs' claims in the above-captioned action (the "Action"); and (ii) CMB learned over this weekend that Plaintiffs stated in a previously undisclosed proceeding in Belgium against CMB and the Belgian Financial Services and Markets Authority (the "FSMA") relating to the Tender Offer at issue in this case that Plaintiffs intended to use confidential and proprietary documents produced by CMB in this Action in the Belgian litigation. To that end, Plaintiffs have refused to acknowledge their claims are moot, or to sign a customary confidentiality order in this case that restricts use of produced documents to *this case only*. CMB therefore respectfully requests that the Court enter its proposed confidentiality order, or alternatively enter an order precluding Plaintiffs from using any documents produced by CMB in this action for any purpose in any other proceeding.

As we previewed for the Court during the conference on February 29, 2024, and while CMB disputes that any supplemental disclosures were required, both CMB and Euronav publicly filed additional disclosures with the SEC on March 1, 2024 to moot Plaintiffs' claims under Section 14(e) of the Securities Exchange Act of 1934 in their entirety. *See e.g.*, *Taro Pharm. Indus., Ltd. v. Sun Pharm. Indus., Ltd.*, No. 09 CIV. 8262(PGG), 2010 WL 2835548, at *10 (S.D.N.Y. July 13, 2010) (logic underlying "general rule" that subsequent disclosures moot Section 13(d) claim applies "with equal force in the context of an asserted Section 14(e) violation" (internal quotation marks omitted)). These supplemental disclosures are largely based on previously disclosed material made available on Euronav's website as early as October 2023, which Plaintiffs also relied upon in preparing their complaint, and that were already part of the mix of public information available to investors (including Plaintiffs).

One New York Plaza, New York, New York 10004—1980
T: +1.212.859.8000  *friedfrank.com*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

March 4, 2024
Page 2

Specifically, CMB filed an amendment to its Tender Offer Statement on Schedule TO (the "Amendment") containing five pages of supplemental disclosures and also directing shareholders to the Form 6-K filed by Euronav on March 1, 2024 (the "Euronav Form 6-K").  *See* ECF No. 1 ¶¶46-47, 66-67, 69, 71-72.  For the Court's convenience, copies of the Amendment and the Euronav Form 6-K made available to all investors on the SEC's EDGAR database are attached hereto as Exhibits A and B, respectively.  Given these supplemental disclosures, which go far above and beyond CMB's disclosure obligations (including by disclosing underlying documents and not just customary narrative summaries of them), there can be no genuine dispute that Plaintiffs' purported disclosure claim is now moot.  CMB will reserve its specific arguments regarding mootness for its opposition papers, should plaintiffs not concede the point before then.

In view of the foregoing, we attempted to meet and confer over the weekend with Plaintiffs concerning whether Plaintiffs would voluntarily agree to discontinue the Action and thus avoid burdening the Court with further unnecessary litigation over a moot lawsuit.  Plaintiffs, however, have refused to withdraw their preliminary injunction motion or discontinue this Action.

CMB then learned over the weekend that on February 29, 2024 (*i.e.*, the very same day the parties appeared at the court conference before Your Honor), Plaintiffs filed a petition in the Section Market Court in Brussels, Belgium against CMB and the FSMA (for approving Euronav's prospectus filed on February 13, 2024), seeking to force CMB to increase the tender offer price set by Belgian law months after the transactions at issue were announced and more than two weeks after CMB's initial Schedule TO was filed.  A copy of the as-filed petition (written in Dutch) is attached to this letter as Exhibit C.  Using a program called DeepL, CMB obtained an unofficial machine translation of the as-filed petition into English (the "DeepL Translation"), a copy of which is attached to this letter as Exhibit D.

Plaintiffs made no mention of the filing of the Belgian litigation at this past Thursday's court conference before Your Honor.  Yet, Plaintiffs informed the Belgian court in their petition that they intend to use documents produced by CMB in this Action against CMB in the Belgian proceeding.  *See* Ex. D ¶29 ("***To this end, FWC has initiated proceedings in the United States aimed primarily at obtaining the necessary documents relating to the internal handling of the sale of the fleet and the out-of-court settlement at both CMB and EURONAV***. Documents were promised by CMB before today but have not been obtained, which has forced FWC to shorten and adapt the present petition at the last minute.") (emphasis added).  While Plaintiffs apparently quibble that "primarily" should be translated as "in the first instance," the plain import of this statement is that Plaintiffs intend to use confidential documents obtained in this proceeding in the Belgium proceeding.  Accordingly, it appears that Plaintiffs commenced this litigation ***not*** to vindicate any sincerely held beliefs concerning the sufficiency of the disclosures in CMB's initial Schedule TO, but rather to obtain proprietary documents from CMB and non-party Euronav, which are not otherwise readily available to Plaintiffs in the Belgian proceeding.  These revelations undermine ***any*** inference of irreparable harm in this case, and suggest that Plaintiffs come to Court with unclean hands, wholly apart from their delay in commencing this lawsuit.

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

March 4, 2024
Page 3

Plaintiffs' admissions also explain why they have refused to accept customary provisions in a routine confidentiality order limiting the use and dissemination of produced discovery materials to this Action.  On Friday, CMB provided comments to Plaintiffs' draft confidentiality order that lacked that customary limitation, among other things.  A redline of CMB's revisions to Plaintiffs' confidentiality order is attached hereto as Exhibit E.  Plaintiffs, however, have refused to respond to *any* of CMB's comments on the confidentiality order even though CMB has completed its document production in good faith and designated such materials as "Confidential" in accordance with the confidentiality order to be entered in this Action, and despite repeated requests by the undersigned counsel to do so over the weekend.  We have attached a copy of the clean version of CMB's proposed confidentiality order as Exhibit F.

Plaintiffs' refusal to engage with CMB regarding the confidentiality order, their stated intention to use confidential discovery materials in another proceeding, and their refusal to engage in discussions regarding mootness, strongly suggests that Plaintiffs are abusing the U.S. litigation process solely to obtain documents not readily available to them in Belgium.  While those documents in no way will change the result in Belgium as Plaintiffs' claims are baseless, CMB is constrained to ask this Court to enter our confidentiality order to protect CMB's confidential documents, or alternatively, to enter an order precluding Plaintiffs from using any documents produced by CMB in this action for any purpose in any other proceeding.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Michael C. Keats*

Michael C. Keats

Attachments

Cc: All counsel of record via ECF

Plaintiffs shall file a response to Defendant's letter-motion, ECF No. 22, no later than **March 4, 2024**.

SO ORDERED.

*/s/ Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: March 4, 2024
        New York, New York