FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP



Direct Line: +1.212.859.8914
Email: michael.keats@friedfrank.com
March 7, 2024

Via ECF

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

RE: *Boothbay Absolute Return Strategies, LP v. Belgische Scheepvaartmattschappij-Companie Maritime Belge SA*, Case No. 1:24-cv-01445-JGLC

Dear Judge Clarke:

We represent defendant Belgische Scheepvaartmaatschappij-Compagnie Maritime Belge NV ("CMB") in the above-captioned action. We respectfully submit this letter in response to the Letter-Motion to Seal filed by Plaintiffs in this action at ECF No. 28 and pursuant to Sections 5(d)(i) and 5(e)(i) of Your Honor's Individual Rules and Practices in Civil Cases.

The Letter-Motion to Seal requested to file under seal Exhibits N, O, R, T, V, W, BB, and EE to the Declaration of Nicole M. Clark dated March 4, 2024 in support of Plaintiffs' Motion for A Preliminary Injunction (ECF. No. 30) and to redact references to those eight exhibits in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for A Preliminary Injunction and Proposed Findings of Fact and Conclusions of Law (ECF No. 30-1). CMB maintains the necessity of confidential treatment with respect to the eight exhibits and the corresponding material presently redacted in Plaintiffs' Memorandum of Law and Proposed Findings of Fact on the basis that all of the documents contain commercially sensitive and proprietary business information of non-parties to this action, and one of the documents, Exhibit O, also contains privileged information, which Plaintiffs and CMB have agreed is not waived.

In determining whether a filing may be submitted under seal or with redactions, "a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *SEC v. Telegram Grp., Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. 2020) (internal citations and quotations omitted).

The privacy rights of non-parties Euronav NV ("Euronav") and its affiliate, non-party CMB.TECH NV ("CMB.TECH") here firmly outweigh the presumption of public access in these documents. Indeed, "[p]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *United States v. Amodeo*,

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

March 7, 2024
Page 2

71 F.3d 1044, 1049 (2d Cir. 1995). "[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information." *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

Exhibits N, R, T, V, W, BB, and EE comprise minutes of the Supervisory Board of non-party Euronav and reflect the proprietary business strategy, financial, long-term planning, and governance information of non-party Euronav and non-party CMB.Tech.

Exhibit O is attorney work product prepared by a third-party expert consultant in connection with a then-pending arbitration at the request of Euronav's counsel Jones Day LLP. The parties here agreed in writing that the production of this document does not constitute a waiver with respect to CMB's (or Euronav's) attorney-client and attorney work product privilege. "The need to protect attorney-client privileged communications may defeat the presumption." *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427-28 (S.D.N.Y. 2020) (citing *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003) ('[P]reserving the confidentiality of attorney-client communications . . . is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records.')). Exhibit O also reflects advice legal advice of non-party Euronav's counsel as well as confidential proprietary business, financial, and strategic information of non-party Euronav. *See Haider*, 457 F. Supp. 3d at 427–28.

Moreover, non-party Euronav agreed to produce through CMB confidential information requested by Plaintiffs to facilitate the expedited discovery process. Judicial economy thus also weighs in favor of not penalizing non-parties who facilitate discovery by publicly disclosing their confidential and proprietary documents and information.

For the above-stated reasons, CMB respectfully requests that the Court grant Plaintiffs' Letter-Motion to seal the eight exhibits and redact any reference thereof in Plaintiffs' papers.

Respectfully submitted,

*/s/ Michael C. Keats*

Michael C. Keats

Cc: All counsel of record via ECF