UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOOTHBAY ABSOLUTE RETURN STRATEGIES, LP, BOOTHBAY DIVERSIFIED ALPHA MASTER FUND, LP, CORBIN HEDGED EQUITY FUND, L.P., CORBIN ERISA OPPORTUNITY FUND, LTD., PINEHURST PARTNERS, L.P., FW DEEP VALUE OPPORTUNITIES FUND I, LLC, FOURWORLD GLOBAL OPPORTUNITIES FUND, LTD., and FOURWORLD EVENT OPPORTUNITIES, LP,<br><br>                      Plaintiffs,<br><br>           v.<br><br>BELGISCHE SCHEEPVAARTMAATSCHAPPIJ-COMPAGNIE MARITIME BELGE SA,<br><br>                      Defendant. | Case No. 1:24-cv-01445-JGLC<br><br>**STIPULATION AND AGREED PROTECTIVE ORDER** |

      IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, by and among all of Plaintiffs Boothbay Absolute Return Strategies, LP, Boothbay Diversified Alpha Master Fund, LP, Corbin Hedged Equity Fund, L.P., Corbin ERISA Opportunity Fund, Ltd., Pinehurst Partners, L.P., FW Deep Value Opportunities Fund I, LLC, FourWorld Global Opportunities Fund, Ltd., and FourWorld Event Opportunities, LP (collectively, "Plaintiffs") and Defendant Belgische Scheepvaartmaatschappij-Compagnie Maritime Belge SA ("Defendant," and collectively with Plaintiffs, the "Parties," and each individually a "Party"), through their undersigned counsel, that the following provisions of this Stipulation and Agreed Protective Order (the "Stipulation and Order") govern disclosure and use by the Parties of all documents, testimony, transcripts, video, audio, exhibits, interrogatory answers, responses to requests for admission, electronically stored

information ("ESI"), and any other materials and information (including, to avoid any ambiguity, any copies, summaries, or derivations thereof) produced or provided by the Parties or any non-party during discovery (collectively, "Discovery Material(s)") in the above-referenced action (the "Action"):

1. This Stipulation and Order is entered to facilitate the production, exchange, and discovery of Discovery Materials that merit confidential treatment.

2. A Party, non-party, person or other entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."

3. A Party, non-party, person or other entity that receives Discovery Materials in connection with this Action shall be referred to herein as the "Receiving Party."

4. "Document" shall have the meaning assigned in Local Rule 26.3 of the United States District Courts for the Southern and Eastern Districts of New York, and shall also include any recorded form of information, whether in printed, electronic, or other format, including deposition transcripts, answers to interrogatories, and other discovery requests and responses.

5. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and upon making a good faith determination that the documents contain information protected from disclosure by federal or state statute or laws, or foreign data protection laws, including the European Union General Data Protection Regulation 2016/679 ("GDPR"), or other privacy obligations, or that should be protected from disclosure as containing trade secrets, proprietary business information, competitively sensitive information, personal or business financial information, and that the Disclosing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and thus requires the protections provided in this

Stipulation and Order. The Parties agree that any Discovery Material containing "Privacy Information," as defined in Paragraph 6 below, shall be designated as Confidential.

6.  For the purposes of this Stipulation and Order, the term "Privacy Information" shall mean documents containing information that can be used to identify, locate, or contact an individual, alone or when combined with other personal or identifying information, including, but not limited to name, address, social security number, birth date, telephone number, place or positions of work, taxpayer identification number (other than only the last four digits thereof), a financial account number (other than only the last four digits thereof), "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, including Article 4(1) of the GDPR, or any information that a party or non-party believes in good faith to be subject to non-US data protection laws. The Disclosing Party shall redact portions of documents containing Privacy Information in accordance with Federal Rule of Civil Procedure 5.2, the GPDR, and other federal, state or foreign data protection laws.

7.  Discovery Material designated "Confidential" shall be referred to herein as "Confidential Discovery Material." No designation of Confidential Discovery Material (other than with respect to ESI) shall be effective unless there is placed on, or affixed to, the materials (in such manner as will not interfere with the legibility thereof) a "Confidential" stamp, sticker, mark, notice, or the equivalent (collectively, a "Stamp"), or, in the case of depositions, as set forth in Paragraph 15, below. ESI designated as "Confidential" shall be so designated by including a "Confidential" notice in the body of the electronic document or by affixing a Stamp with such notice to the medium (including, but not limited to, tapes, CDs, DVDs and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party. Printouts of any such ESI

designated as Confidential Discovery Material shall be treated in accordance with the terms of this Stipulation and Order. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate Stamp. Instead, the Disclosing Party shall use reasonable means to designate such Discovery Material as "Confidential" by (a) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes a "Confidential" Stamp; and (b) including "Confidential" on the label of the media or in the transmittal e-mail containing the Natively Produced ESI.

8. The Receiving Party may at any time challenge the designation of one or more Discovery Materials on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted. If the Disclosing Party agrees, it shall promptly notify the Receiving Party that it is withdrawing or changing the designation.

9. To the extent any federal or state law or other legal authority governing the disclosure or use of Privacy Information (hereinafter, "Privacy Information Law") permits the disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement. To the extent any Privacy Information Law requires a Disclosing Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Privacy Information, the Court finds that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced, and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Stipulation and Order shall constitute an express direction that the Disclosing Party is exempting from obtaining a court-ordered subpoena or having

to notify and/or obtain consent from any person or entity prior to the disclosure of Privacy Information. To the extent that any Privacy Information Law requires that any person or entity be notified prior to disclosure of Privacy Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, Disclosing Parties are explicitly prohibited from providing such notice; provided, however, that this Stipulation and Order shall not prohibit any Disclosing Party from contacting any person or entity for any other purpose. Any Disclosing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Privacy Information Law. Notwithstanding the foregoing, a Disclosing Party may elect to provide Privacy Information to the Receiving Party only through a confidential and secure data portal controlled by the Disclosing Party. The Receiving Party does not waive and reserves all rights to seek production in a different manner. The Receiving Party agrees to treat any Discovery Material with Privacy Information in a manner that is secure.

10. The designation of any Discovery Material as Confidential is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or other immunity or protection from disclosure, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

11. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, attorney-client privilege, the joint defense privilege, the common interest privilege, the work product doctrine, the self-analysis privilege, the privilege accorded subsequent remedial measures, the bank examination privilege, bank regulatory laws and

regulations, bank secrecy laws, blocking laws, criminal or civil laws (including privacy laws), or any other applicable privilege or doctrine protecting such documents from disclosure (collectively referred to as "privilege[s]"), and is without prejudice to any other Party's right to contest such a claim of privilege.

12. The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is privileged, and no Party shall have waived any claims or arguments under the inadvertent production doctrine. In order to claw back Discovery Material purportedly protected from disclosure by privilege that was produced inadvertently, the Parties must promptly do as follows:

a. The Disclosing Party must provide notice in writing to the Receiving Party specifying the production number of (or otherwise identifying with sufficient specificity) the Discovery Material it wishes to claw back, and the basis of the claim of privilege relied upon in support of its claw-back request;

b. The Receiving Party must promptly destroy or return to the Disclosing Party all copies of the inadvertently produced Discovery Materials in its possession, custody or control, and notify the Disclosing Party, or any other Party purporting to hold a privilege, that they have done so;

c. The Receiving Party must promptly retrieve and destroy the inadvertently produced Discovery Materials from other persons, if any, to whom such Discovery Materials have been provided and notify the Disclosing Party that they have done so; and

d. Notwithstanding the provisions set forth above, if the Receiving Party(ies) dispute(s) the Disclosing Party's claim or believes the privilege has been waived, the Receiving Party shall promptly sequester the inadvertently produced Discovery Material, including all copies,

and the Receiving Party shall provide (i) the Disclosing Party with its justification for believing the redaction or withheld document may be responsive and not privileged or protected, and (ii) the Disclosing Party an opportunity to re-consider its assertion of privilege or protection on the redaction or document. The Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the matter may be brought to the Court.

13. If, during a deposition, a Party claims that Discovery Material being used in the deposition (e.g., a document marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege, it may at its sole election: (a) allow the Discovery Material to be used in the deposition without waiver of its claim of privilege, or (b) instruct the witness not to answer questions concerning the Discovery Material pending a prompt resolution of any disagreement concerning the Discovery Material's purported privileged status. If the Party allows the examination concerning the Discovery Material to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged Discovery Material. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraph to address the claim of privilege, including the notice requirement set forth in Paragraph 12. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential. If any Party instructs the witness not to answer questions concerning the Discovery Material, the Parties will then cooperate in promptly submitting the issue of the Discovery Material's status to the Court. If the Discovery Material is ultimately determined not to be privileged, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the Discovery Material, which shall be at the earliest practicable time for the witness and counsel.

14. If a Disclosing Party inadvertently discloses Confidential Discovery Material without designating it as such, the Disclosing Party shall inform the Receiving Party of such inadvertent disclosure promptly after its discovery. Promptly after providing such notice, the Disclosing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the new designation. The Receiving Party or Parties shall replace the originally designated material with the newly designated material and shall destroy the incorrectly designated material. The Receiving Party shall thereafter treat the information as Confidential Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure. The failure to advise the Receiving Party of such inadvertent disclosure promptly after discovery shall not constitute a waiver of any confidentiality designation or an admission by the Disclosing Party that such information is not confidential.

15. A Disclosing Party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" under the terms of this Stipulation and Order. Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party. All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be bound in separate volumes and prominently marked "Confidential" on the cover thereof. Objections to the designation of Confidential Discovery Material under this Paragraph 15 shall be governed by the procedure set forth in Paragraph 25, below.

16. Each Party shall have the responsibility, through counsel, to advise the Disclosing Party promptly of any compromises of the confidentiality of Confidential Discovery Material. The Parties agree that irreparable harm would occur in the event of unauthorized disclosure of Confidential Discovery Material. Accordingly, the Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Discovery Material.

17. Subject to any other written agreement among or between the Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Disclosing Party solely in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to the parties' legal dispute in any judicial or regulatory forum concerning the events giving rise to the Action (the "Litigation"). Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order. However, nothing herein shall limit a Party from using material set forth in Paragraph 31 for any purpose whatsoever, regardless of whether the material is Discovery Material.

18. Except as otherwise specifically provided in this Stipulation and Order, absent the prior express written consent of the Disclosing Party, Confidential Discovery Material shall not be disclosed, summarized, or otherwise made available to anyone except the following persons:

    a. the court and court personnel, any appellate court, regulatory officials, or jurors involved in the Litigation;

    b. the officers, directors, and employees of the Parties, who are actually engaged in assisting in the preparation of the Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder;

    c. counsel for the Parties to the Litigation and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    d. professional court reporters, stenographers, or video and/or audio operators transcribing, recording, or taping depositions or testimony in the Litigation;

    e. expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of the Litigation, provided that counsel, in good faith, requires their assistance in connection with the Litigation, and further provided that any part of a report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation; and provided further that the experts or consultants may not use Confidential Discovery Material to their competitive advantage or for any purpose that does not relate to the Litigation;

    f. trial and deposition witnesses (and counsel for such deponents or witnesses) who have signed the Undertaking Regarding Stipulation and Agreed Protective Order for S.D.N.Y. CASE NO. 1:24-CV-01445-JGLC attached hereto as Exhibit A;

    g. vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearing, including outside photocopying, translating, data processing, graphic production services, litigation support services or investigators employed by the Parties or their counsel to assist in the Litigation, and information technology personnel performing duties in relation to a computerized litigation system;

    h. any mediator or arbitrator engaged by the named Parties to the Litigation;

    i.  the insurers, reinsurers, and claims administrators of the Parties to these proceedings, and counsel to such insurers, reinsurers, and claims administrators as necessary for the prosecution or defense of the Litigation; and

    j.  any other person agreed to by the Parties in writing.

  19.  The terms "counsel," "expert," and "investigator" include their staff who are involved with, and reasonably necessary to assist, such counsel, expert or investigator in, the preparation of this litigation.

  20.  A party may elevate undesignated Discovery Material that contains Confidential Discovery material to "Confidential," provided that such Discovery Material contains the upward designating Party's own Confidential Discovery Material. Upward designations shall be accomplished by providing written notice to all Parties identifying (by production number, transcript line and page number, or other individually identifiable information) the Discovery Material whose designation is to be increased. Promptly after providing such notice, the upward designating Party shall provide re-labeled copies of the Discovery Material to each Receiving Party reflecting the new designation. The Receiving Party or Parties shall replace the originally designated Discovery Material with the newly designated material and shall destroy the incorrectly designated material. Any Party may object to the upward designation of Discovery Materials pursuant to the procedures set forth in Paragraph 25 of this Stipulation and Order. The upward designating Party shall bear the burden of establishing the basis for the enhanced designation.

  21.  All persons to whom Confidential Discovery Material is disclosed pursuant to Paragraph 18(b)-(j) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order. All persons to whom Confidential Discovery Material is disclosed solely

pursuant to Subparagraphs 18(d), (f), (j) shall be required to execute an Undertaking, evidencing their agreement to the terms of this Stipulation and Order.

22.  Each Receiving Party shall use due care with respect to the storage, custody, use, and/or dissemination of Confidential Discovery Material. A person with custody of Discovery Material designated Confidential shall use commercially reasonable efforts to maintain them in a manner that limits access to those persons entitled under this Stipulation and Order to examine the Discovery Material so designated.

23.  Nothing herein shall restrict a qualified recipient from making working copies, abstracts, and digests, of Confidential Discovery Material for use in connection with the Litigation, and such working copies, abstracts, and digests, shall be deemed to have the same level of protection as other Confidential Discovery Material. Further, nothing herein shall restrict a qualified recipient from converting or translating such Confidential Discovery Material into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to those qualified recipients set forth in Paragraph 18.

24.  If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall, no later than five (5) business days after receiving such subpoena or request, give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request. The person to whom the subpoena or request is directed also shall make all reasonable good faith efforts to provide to the Disclosing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or

request, or to move for any protection for the Discovery Materials, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request. In no event shall such Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena or request without providing the Disclosing Party an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law.

25. No Party shall be obligated to challenge the propriety of a designation of Discovery Materials as Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a Party objects to a designation of Discovery Materials as Confidential under this Stipulation and Order, the objecting Party shall notify the Disclosing Party in writing of that objection. Within seven (7) calendar days of the receipt of such notification, respective counsel for the Disclosing Party and the objecting Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential. If, for whatever reason, the Parties do not resolve their disagreement within that time period, within fifteen (15) calendar days from the date of the notification, the Receiving Party may move the Court for a ruling on the Disclosing Party's designation of the Discovery Materials as Confidential. The Disclosing Party shall have the burden of showing that the Discovery Material is Confidential. While any such motion is pending, the Discovery Materials subject to that motion shall continue to be treated as Confidential. If the Receiving Party does not move the Court for a ruling on the Disclosing Party's designation of Discovery Materials as Confidential within fifteen (15) calendar days from the date of the notification (regardless of whether the Parties met and conferred on the subject), the Discovery Materials in question will remain designated as Confidential. Nothing in this Stipulation and Order shall be construed as preventing any Party from objecting to the designation of any Discovery

Material as Confidential or preventing any Party from seeking further protection for any Discovery Material it produces in discovery.

26. The electronic filing of Confidential Discovery Material under seal shall comply with Section 5 of this Court's Individual Rules and Practices in Civil Cases. If filed under seal, the filing shall remain under seal unless otherwise ordered by the Court. In the event that counsel for any Party or non-party determines to physically file in, or submit to, this Court any Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing such Confidential Discovery Material shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this Action and the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court." A version of the filing in which the Confidential Discovery Material has been redacted shall be filed in the public record. All Discovery Materials filed under seal shall be available to the Court and to counsel for the Parties for viewing and/or copying. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such Discovery Material is not Confidential and need not be preserved under seal. While any challenge to the filing of a sealed document is pending, no Party shall make use in open court of any documents that are subject to that motion to seal without the consent of the Disclosing Party or the permission of the Court.

27. The Parties agree that they shall meet and confer concerning the potential use of any Confidential Discovery Material at any hearing, trial, or any other court appearance in this

Action not fewer than three (3) business days prior to any such hearing, trial, or court appearance. Where a hearing, trial, or court appearance is scheduled on less than three (3) business days' notice, the Parties agree that they shall meet and confer as soon as practicable after receiving notice of such schedule. The use of Confidential Discovery Material at a hearing, trial, or court appearance shall not cause such Discovery Material to lose its status as Confidential. In the event that this Action proceeds to trial by jury, the Parties shall jointly seek guidance from the Court as to the handling of Confidential Discovery Material, including, but not limited to, redacting the "CONFIDENTIAL" Stamp provided for herein before such Discovery Materials are displayed to the jury or moved into evidence at trial.

28. After the termination of the Litigation (including after all appeals relating to the Litigation have been exhausted or the time to appeal has expired), this Stipulation and Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the Parties for enforcement of this Stipulation and Order.

29. Within one hundred (100) days after the final conclusion of all aspects of any of the Litigation by judgment not subject to further appeal or by settlement, the Parties shall take commercially reasonable efforts to see that all Discovery Material shall either be (a) destroyed and the Disclosing Party shall be provided with a certification stating that the Disclosing Party's Discovery Materials have been destroyed; or (b) returned, upon the request of the Disclosing Party. As to those Discovery Materials that constitute counsel's work product, that were served in this Action, filed with the Court and/or marked as trial exhibits, counsel may retain such Discovery Materials if such counsel otherwise comply with this Stipulation and Order with respect to such retained Discovery Material.

30. Each Party shall have the responsibility, through counsel, to advise the Disclosing Party promptly of any losses or compromises of the confidentiality of the Discovery Materials governed by this Stipulation and Order. It shall be the responsibility of the Party that lost or compromised the Confidential Discovery Material of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

31. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own Discovery Materials that have been designated as Confidential pursuant to this Stipulation and Order or to limit disclosure, use or dissemination of any Discovery Material that was, is, or becomes public knowledge, not in breach of this Stipulation and Order.

32. A non-party from whom discovery is sought by the Parties to this Action may designate Discovery Materials as "Confidential" pursuant to and consistent with the terms of this Stipulation and Order. Under such circumstances, Discovery Material designated "Confidential" by a non-party shall be afforded the same protections as Discovery Material so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Stipulation and Order shall apply to a non-party designating Discovery Material "Confidential." All obligations applicable under this Stipulation and Order to Parties receiving Confidential Discovery Material shall apply to any Party receiving Confidential Discovery Material from such non-party.

33. In the event that additional persons become parties to this Action, such parties may join this Stipulation and Order by agreeing in writing to be bound by its terms and conditions and upon the unanimous written consent of the Parties to this Stipulation and Order. In such event, the additional parties shall have access to Confidential Discovery Material produced by, or obtained from, any Disclosing Party pursuant to this Stipulation and Order.

34. This Stipulation and Order shall not be construed to affect or limit in any way the admissibility or use of any Discovery Material or other evidence, whether it is designated as Confidential at trial, in briefing or on a hearing concerning any dispositive motion (such as a summary judgment motion or other hearing of this Action), or to prejudice or limit in any way the rights of any Party to object to the authenticity, admissibility into evidence or use of any Discovery Material or other evidence at any trial or hearing.

35. This Stipulation and Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties, subject to approval of the Court, to modify this Stipulation and Order.

36. This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York that would require the application of any other law. Any dispute between the Parties regarding this Stipulation and Order shall be resolved by making an appropriate application to this Court in accordance with the rules thereof.

37. This Stipulation and order may be executed in counterparts. This Stipulation and order shall become effective as a stipulation among the Parties immediately upon its execution.

[*Signature Page Follows*]

DATED: March 8, 2024

| | |
|---|---|
| */s/ Joshua M. Slocum* | */s/ Michael C. Keats* |
| David H. Wollmuth | Michael C. Keats |
| Joshua M. Slocum | Rebecca Martin |
| Fletcher W. Strong | FRIED, FRANK, HARRIS, |
| Nicole M. Clark | SHRIVER & JACOBSON LLP |
| Yating Wang | One New York Plaza |
| WOLLMUTH MAHER & DEUTSCH LLP | New York, New York 10004 |
| 500 Fifth Avenue | Tel: (212) 859-8914 |
| New York, NY 10110 | Michael.Keats@friedfrank.com |
| Tel: (212) 382-3300 | Rebecca.Martin@friedfrank.com |
| dwollmuth@wmd-law.com | |
| jslocum@wmd-law.com | |
| fstrong@wmd-law.com | *Attorneys for Defendant* |
| nclark@wmd-law.com | |
| ywang@wmd-law.com | |
| | |
| *Attorneys for Plaintiffs* | |

EXHIBIT A

**<u>UNDERTAKING REGARDING STIPULATION AND AGREED PROTECTIVE ORDER
FOR S.D.N.Y. CASE NO. 1:24-CV-01445-JGLC</u>**

I, _____, declare that:

1. I have received a copy of the Stipulation and Agreed Protective order, entered on _____ (the "Stipulation and Order") in the action entitled *Boothbay Absolute Return Strategies, LP, et al. v. Belgische Scheepvaartmaatschappij-Compagnie Maritime Belge SA.*, No. 1:24-cv-01445-JGLC (S.D.N.Y.) (the "Action"), and I have read and understand its provisions.

2. I will comply with all of the provisions of the Stipulation and Order. I will hold in confidence any information or materials designated "Confidential" that I receive; I will not disclose them to anyone other than those persons specifically authorized by the Stipulation and Order; and I will not use them for any purpose other than as permitted under the terms of the Stipulation and Order.


Dated: _____

_____

**ORDER**

IT IS SO ORDERED.

DATED:   March 8, 2024                               *Jessica Clarke*

                                                                  THE HON. JESSICA G. L. CLARKE
                                                                  UNITED STATES DISTRICT JUDGE